**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4742

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DARRELL HENRY ADAM,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Terry L. Wooten, Senior District Judge.  (0:18-cr-00746-TLW-1)

Submitted:  March 5, 2020                                      Decided:  March 26, 2020

Before KING, WYNN, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James P. Rogers, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  A. Lance Crick, Acting United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Henry Adam appeals from his 300-month prison sentence imposed following his guilty plea to use of a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct, in violation of 18 U.S.C. § 2251(a) (2018). Adam argues that the district court erred in enhancing his offense level under U.S. Sentencing Guidelines Manual § 2G2.1(b)(3) (2018). The Government argues that Adam's appeal is foreclosed by the valid waiver of appellate rights contained in his plea agreement. We dismiss the appeal.

"A defendant may waive the right to appeal his conviction and sentence [in a plea agreement] so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). We review the validity of an appeal waiver de novo and will enforce it if it is valid and the issue appealed is within the scope of the waiver. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 494 (2018).

An appeal waiver does not, however, bar the appeal of a sentence imposed in excess of the statutory maximum, or the right to appeal a sentence based on a constitutionally impermissible factor such as race, or proceedings conducted in violation of the Sixth Amendment right to counsel after entry of the guilty plea. *United States v. Thornsbury*,

670 F.3d 532, 539 (4th Cir. 2012). It also does not bar an appeal raising issues outside of the scope of the waiver. *See Adams*, 814 F.3d at 183.

Upon review of the record and the parties' briefs, we conclude that Adam knowingly and voluntarily waived his right to appeal his prison sentence and that his appellate challenge falls squarely within the compass of his valid waiver of appellate rights. Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3